**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1658-18T1

MANUEL RODRIGUEZ,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted November 7, 2019 - Decided December 5, 2019

          Before Judges Koblitz and Gooden Brown.

          On appeal from the New Jersey Department of Corrections.

          Manuel Rodriguez, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas A. Sullivan, Deputy Attorney General, on the brief).

PER CURIAM

Manuel Rodriguez is confined to South Woods State Prison, serving a lengthy prison term for attempted murder and other charges. He appeals from a September 4, 2018 final decision of the New Jersey Department of Corrections (DOC), finding him guilty of *.004, fighting with another person. N.J.A.C. 10A:4-4.1(a)(2)(i).[1] As a result of the infraction, Green received 125 days of administrative segregation, twenty days loss of telephone, and twenty days loss of recreation privileges. We affirm the finding of the infraction, but vacate and remand the sanction for the DOC to reconsider and supply reasons for the new sanction imposed.

On August 29, 2018, Rodriguez's cellmate was found with two "swollen black eyes." Rodriguez was sent to the medical unit, where he was found to have small lacerations on his arms, right shoulder, left side, left shin, and right side of his back. At a hearing the following day, Rodriguez accepted the assistance of a counsel substitute. Rodriguez claimed his wounds were old and he did not know how his cellmate was injured. He rejected the opportunity to

---

[1] Rodriguez complains that his copy of the hearing officer's findings is illegible. We were not able to read the copy sent to us by the DOC and requested a typed version, that was ultimately provided. It goes without saying that we cannot review a decision we cannot read. In the future we expect counsel for the DOC to provide typed copies of these hand-written reports.

confront adverse witnesses or call his own witnesses. Counsel substitute denied Rodriguez engaged in fighting while alternatively requesting an adjudication of the lesser offense of .013.[2]

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579–80 (1980). An adjudication of guilt of an infraction, however, must be supported by "substantial evidence." N.J.A.C. 10A:4-9.15(a). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). "Where there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307

---

[2] Prohibited act .013 is "unauthorized physical contact with any person, such as, but not limited to, physical contact not initiated by a staff member, volunteer, or visitor." N.J.A.C. 10A:4-4.1(a)(3)(ii).

(App. Div. 1990) (quoting DeVitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 491 (App. Div. 1985)).

On appeal, Rodriguez argues the decision was contrary to the evidence. He states for the first time on appeal that his cellmate was hit with a basketball. Rodriguez reasserts that his own injuries were old. Rodriguez also claims that his counsel substitute was ineffective by suggesting he may have committed a lesser offense.

The hearing officer (HO) found:

> Inmate stated he didn't know what happened [to] his cell mate . . . . [He] did not leave his cell for [two] days [and] when he was discovered, he had black eyes. Inmate Rodriguez had minor scrap[e]s [and] scratches to his body. Both inmates gave different accounts of the incident [and] both were found not credible. Based on medical reports [and] investigation[,] [c]harge is upheld.

We reject Rodriguez's due process arguments. N.J.A.C. 10A:4-9.15(b) states: "Evidence relied upon in making a determination shall be specified on the Adjudication of Disciplinary Report form." Pursuant to Avant v. Clifford, the DOC complied with its obligations. Rodriguez received notice of the charges, and was afforded assistance of a counsel substitute at the hearing. 67 N.J. 496, 523, 536 (1975). He was able to see the evidence the HO relied upon

and the report setting forth the statements and reports relied upon to adjudicate the infraction.

Rodriguez's argument that the decision was arbitrary, capricious, or unreasonable is unsupported by the record. Two men shared a cell. They both incurred injuries consistent with a fight and offered no credible contrary explanation. Rodriguez's basketball injury explanation was not offered at the hearing and therefore we do not consider it. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

The HO, however, did not provide an adequate explanation for the sanctions imposed on Rodriguez. The HO stated: "Inmate needs to get back on track. Inmate needs to find appropriate ways to dealing [sic] with issues. Inmate warned about R/R.[3]" Although Rodriguez does not explicitly raise the adequacy of the reasons given for the sanction as a basis for reversal on appeal before us, the DOC noted in its final determination that his "plea for leniency is denied."

The 125 days administrative segregation and other sanctions imposed were not the minimum permitted for such an offense. N.J.A.C. 10A:4-5.1(g).

---

[3] We do not know the meaning of "R/R," but after inspecting the copy of the hand-written original provided, we believe "R/B" was hand-written, meaning, perhaps, "repeat behavior."

The DOC offered no explanation of how the sanctions were proportionate to the offense and the offender. The DOC must provide an inmate with individualized reasons for the specific sanctions imposed. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 94–98 (App. Div. 2018); Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378–79 (App. Div. 2016). The DOC must articulate the factors considered in the imposition of sanctions so that we may perform our review of "whether a sanction is imposed for permissible reasons." Id. at 379; see also N.J.A.C. 10A:4-9.17(a) (providing factors to relevant individualized sanctions). For these reasons, we reverse the sanctions and remand for a re-imposition of sanctions with valid inmate- and offense-specific reasons.

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION